No. 34,960

Guy A. Thompson, Trustee of the Missouri Pacific Railroad Company, Debtor, *Plaintiff*, v. The Board of County Commissioners of the County of Reno, and C. L. Hendershot, as Treasurer of Reno County, *Defendants*.

(106 P. 2d 700)

Opinion filed November 9, 1940.

*W. P. Waggener, O. P. May, B. P. Waggener* and *Ralph M. Hope,* all of Atchison, for the plaintiff.

*Arthur T. Symns,* county attorney, *Frank S. Hodge* and *Henry P. J. Wilson,* assistant county attorneys, all of Hutchinson, for the defendants.

The opinion of the court was delivered by

HOCH, J.: This is an original proceeding in mandamus to require the officials of Reno county to comply with an order of the State Commission of Revenue and Taxation which directed a refund to the plaintiff of certain tax money paid under protest. Both parties agree that the case turns on the constitutionality of the third proviso of G. S. 1939 Supp., 79-1956, the same being a part of the tax-limitation statutes.

Section 79-1956 deals with tax limitations in common-school districts. It provides generally that in such districts no levy may be made for the general fund in excess of 6 mills, nor in excess, in the aggregate, of 6 mills for all purposes, "except bonds and interest thereon." To this limitation there are certain exceptions—such as the provision for increasing the maximum as much as 25 percent by vote of the electors—which are not here involved and need not be noted. The exception directly in issue is contained in the third proviso of the section. Also pertinent to our inquiry is the exception contained in the second proviso. The provisos read as follows:

(2d proviso) *"Provided further,* . . . That the aggregate levy for all purposes, except bonds and interest thereon, for any school district maintaining an accredited high school shall not exceed a rate of fourteen mills on the dollar on all taxable property within such district."

(3d proviso) *"Provided,* That in any district which forms a part or all of any high-school district, and in which the high school and grade school are maintained by distinct and separate levies, the grade school shall not be limited at the rate above provided but may make a levy in a sum which, when added to the levy made upon the property of such grade-school district for high-school purposes, will not make a total levy for school purposes upon the property of such grade-school district exceeding 14.00 mills."

School district No. 73 forms a part of a rural high-school district, and school district No. 136 forms a part of a community high-school district in Reno county. For the year 1938 a levy of 8.5 mills for common-school purposes was made by district 73. In the high-school district, of which it formed a part, a levy of 3.01 mills was made for high-school purposes. This made a total aggregate levy for common and high-school purposes of 11.51 mills upon property in the common-school district. The two levies were reduced .36 mill and .49 mill, respectively, by computation of receipts from the state sales tax, as provided in the statute. This left an aggregate levy,

actually assessed, of 10.66 mills. In district 136 there was a levy of 7.02 mills for common-school purposes and in the high-school district, of which it formed a part, the levy was 2.72 mills, making a total of 9.74 mills on property in district 136. This total was reduced to an actual levy of 8.77 mills for both common-school and high-school purposes by credit from sales-tax receipts. Thus, in both districts 73 and 136, the total levies were substantially less than the maximum of 14 mills fixed by the third proviso, above quoted.

The plaintiff, having property assessed in the two districts, claimed that the levy in district 73 exceeded the lawful limit by 1.36 mills and in district 136 by 1.6 mills, and paid the alleged excess under protest. The method of computation used in determining the alleged excess need not be recited. Suffice it to say, that counsel contends that the third proviso, *supra,* is unconstitutional and concedes that if the proviso is valid the levies made were not unlawful.

Appeal from the alleged invalid assessments was taken to the State Commission of Revenue and Taxation, which, after due hearing, made a finding that the maximum lawful levy for district No. 73, after reduction for sales-tax money, was 8.16 mills and for district No. 136 was 5.42 mills, and ordered refunds in conformity therewith. We are unable to determine from the record by what method of computation the commission determined the maximum lawful levy in district No. 73 in which the plaintiff's claim for refund was upheld only in part. Nor does it affirmatively appear that the commission's order was predicated upon invalidity of the third proviso, *supra.* As far as the record discloses, the commission may have had some entirely different reason for arriving at the conclusions set forth in the order. We need not here discuss the question— suggested but not urged by defendants—of whether it is usurpation of judicial authority for such an administrative body to decline to follow a statute on the ground that it is unconstitutional. Whatever the theory upon which the commission proceeded in making its order, we have concluded after careful examination of the statutes that the levies made for both districts 73 and 136 were not in excess of the lawful limit, unless the third proviso here attacked be held unconstitutional. We therefore examine the question of its constitutionality.

It is contended that the proviso violates section 17, article 2 of the constitution of this state, which reads: "All laws of a general nature shall have a uniform operation throughout the state; and in all cases

where a general law can be made applicable, no special law shall be enacted."

This provision of the constitution has been many times considered by this court. The broad principle has been repeatedly stated that the provision is not contravened by a statute which is general in form and which operates uniformly upon all members of a class, unless the classification established is arbitrary and capricious. (*Barker v. Kansas City,* 149 Kan. 696, 88 P. 2d 1071; *State v. Butler County,* 77 Kan. 527, 94 Pac. 1004.) Unquestionably the statutory provision in issue is general in form and operates upon all districts within the classification stated. That there are innumerable common-school districts in the state which "form a part or all" of a high-school district, is also unquestioned. It appears, therefore, that the provision fixes a maximum aggregate levy of 14 mills for common-school and high-school support in countless common-school districts so situated. Thus, the only question which remains is whether the classification is arbitrary and capricious.

In scrutinizing the intent and effect of a statute, a presumption of constitutionality must be indulged. (*Leavenworth Co. v. Miller,* 7 Kan. 479, followed in a long line of subsequent decisions to *Lemons v. Noller,* 144 Kan. 813, 818, 63 P. 2d 177.) A statute defining and establishing a class to which its provisions are therein made applicable is not to be invalidated merely by showing that a more reasonable classification could have been made or that some inequalities may exist under its operation. With these principles in mind, we return to the question of whether the instant classification is arbitrary and capricious.

The purpose of the classifications defined by the provisos is clear. Having first provided generally for a maximum levy of 6 mills for maintenance of the common school, the legislature gave consideration to those districts which also maintain a high school, and where, in some cases at least, there may be only one levy to maintain both the grade and the high school. Such districts are permitted under the second proviso, an aggregate levy not in excess of 14 mills for both purposes. But what about common-school districts situated within high-school districts which are separately organized, with separate boards, and with consequent separate levies? To deal with such situations, and give such districts the same aggregate maximum levy of 14 mills was the evident purpose of the third proviso. And why not? What substantial difference does it make whether there

are two school boards and two levies, or whether both the common school and the high school are maintained by one district with possibly one levy for both purposes? We discern no reason for differentiation that is within judicial review.

Plaintiff contends that the classification established by the proviso would include common-school districts "which may have only one farm or merely a part of a farm located in a high-school district." By such extreme hypothetical cases based upon its interpretation of the statute, plaintiff seeks to illustrate a great resulting disparity in tax levy limitations as between common-school districts. In the first place, the situation here presented does not involve a common-school district having only a small part of its territory within a high-school district. Both districts 73 and 136 lie wholly within the high-school districts. In the second place, we express very serious doubt as to the correctness of plaintiff's interpretation of the statute. The terms of the proviso cover *"districts* which form a part or all" of high-school districts, and do not specifically cover situations where only *part* of the common-school district forms a part of a high-school district. It may be forcibly argued that the intention was to include within the classification only common-school districts which lie wholly within high-school districts, and thus "form a part or all" of the latter, or at least to include only those districts *substantially* all of whose territory lies within a high-school district. It is not now apparent that if the issue arose the language of the proviso would have to be stretched, as suggested by plaintiff, to include a common-school district that lies almost wholly *outside* a high-school district. But these questions of interpretation will be reserved for consideration when and if they arise.

It is true, as contended by plaintiff, that under this statute common-school districts whose resident taxpayers are also helping maintain a high school may, in certain cases, be able to impose a higher levy for common-school purposes than districts where no high-school tax is levied. But such an inequality is not in itself sufficient to invalidate the statute. If it were, then countless taxation statutes would fall. For instance, a higher levy may lawfully be made for grade-school purposes in a second-class city than in a rural-school district, even though the latter immediately adjoins the city. Many other illustrations of apparent inequality might be given. Moreover, if plaintiff's position were sustained the result would be that one district maintaining both a grade and a high school (2d proviso) could

make a higher levy for grade-school purposes than could be made for the same purpose where separate common and high-school districts covering identical territory are maintained (3d proviso). In other words, the invalidation of the third proviso, sought by the plaintiff, would create another "inequality" identical with that of which it here complains.

Plaintiff urges that since the maximum levy permitted for common-school purposes is dependent, under the proviso, upon the levy made for high-school purposes, common-school districts cannot tell, at the time of their school meetings, how much they can levy, but must wait until action is taken by the high-school district. That may present some practical difficulties in administration, but such difficulties are not sufficiently apparent and vital as to make the classification arbitrary and capricious. Furthermore, the levies are spread upon the rolls by action of the county clerk, who then has both high-school and common-school budgets in his hands, and who is charged with duties in connection with the tax-limitation law (G. S. 1935, 79-1965). Moreover, we do not doubt that such administrative difficulties are in most cases obviated by mutual understanding and coöperation between the common-school and high-school boards serving common territory. If not, then the task of ironing out such difficulties lies with the legislature, and not with this court.

The statute in issue is a general statute with general and uniform application upon certain classes of school districts throughout the state. Being unable to say that the classification therein made for taxation purposes is arbitrary and capricious, we must hold the statute to be valid. The statute being valid, the levies and the assessments complained of have not been shown to be unlawful under the tax-limitation law. It follows that the writ of mandamus must be denied. It is so ordered.