No. 38,728

THE STATE OF KANSAS, on the relation of KENNETH V. MOSES, County Attorney of Marshall County, Kansas, *Plaintiff*, v. THE BOARD OF COUNTY COMMISSIONERS OF MARSHALL COUNTY, KANSAS: Harry Warren, Chairman of said Board; Ted Dolen, member of said Board; C. R. Conger, member of said Board; and ELMA MARQUARDT, *Defendants*, and THE MARSHALL COUNTY SOIL CONSERVATION DISTRICT: Fred Prell, Chairman of the Board of Supervisors of said District; C. G. Gaston, George L. Blaser, O. W. Jones and George Ungerer, members of the Board of Supervisors of said District; Fred Heiserman, Joe Rundus, Jr., and Hubert T. Vandorn, Assistant Supervisors of said District, *Intervenors*.

(245 P. 2d 1181)

Opinion filed July 3, 1952.

*Kenneth V. Moses*, of Marysville, argued the cause and was on the briefs for the plaintiff.

*Rowland Edwards*, of Waterville, argued the cause and was on the briefs for the defendants.

The opinion of the court was delivered by

PRICE, J.: This is an original action in the nature of quo warranto brought in the name of the state on the relation of the county attor-

ney of Marshall county seeking to oust the defendant board of county commissioners of Marshall county from fulfilling its oral agreement to employ defendant Marquardt as an assistant in the office of the intervening Marshall county soil conservation district.

The question involved is whether G. S. 1951 Supp. 2-1907a, which reads:

"That in any county having a population of more than eighteen thousand (18,000) and less than twenty thousand (20,000) and having an assessed tangible valuation of more than forty million dollars ($40,000,000) and wherein all or a substantial part of the county has been created and is operating as a soil conservation district under the provisions of chapter 2, article 19, of the General Statutes of 1949, the board of county commissioners may from time to time, in their discretion, and upon request of the supervisors of such soil conservation district, assign an employee of the county to assist the supervisors in the performance of the clerical work of their office."

is violative of section 17, article 2, of our constitution, which provides:

"All laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable, no special law shall be enacted; and whether or not a law enacted is repugnant to this provision of the constitution shall be construed and determined by the courts of the state."

The petition alleges that as of the date of passage of the statute there were 103 counties in the state which had a soil conservation district; that each of them is organized on a county-wide basis— that is, the boundaries correspond to the county boundary lines; and that there were only three counties in the state, one of which was Marshall, having a population of between 18,000 and 20,000 and having an assessed valuation of more than $40,000,000. It is further alleged that at the request of the supervisors of the soil conservation district the defendant board of county commissioners has assigned defendant Marquardt to assist the supervisors in the performance of clerical work of the soil conservation office at an agreed salary of $100 per month. It is further alleged that the need for clerical help and assistance is a problem which is general in nature and common to all soil conservation districts throughout the state, and therefore the statute in question is a special law where a general law could be made applicable. The prayer seeks to oust the defendant board of county commissioners from fulfilling the oral agreement to assign defendant Marquardt to the supervisors of the soil conservation district at the expense of the county on the ground the statute is unconstitutional.

In general, the answer alleges that the action should not have been brought as an original action in this court; that plaintiff has other adequate remedies at law; that the relator has no legal standing to bring the action; that it was brought without authority of the county commissioners and contrary to their direction; that § 2-1907a, *supra*, is not violative of the constitutional provision, and that irrespective of its validity the county commissioners are authorized and entitled, under their general powers, to do the things specifically authorized by the statute in question.

The case is before us on plaintiff's motion for judgment on the pleadings.

With reference to several of defendants' contentions we pause to point out that under G. S. 1949, 60-1602, this court has original jurisdiction of actions in quo warranto; that this action is in reality one by the state; is brought in the name of the state and not in the name of the board of county commissioners, and that the authority of the county attorney to function as the state's official relator is expressly conferred by G. S. 1949, 19-702. See *State, ex rel., v. Baker*, 156 Kan. 439, 134 P. 2d 386; also *The State, ex rel., v. Doane*, 98 Kan. 435, 158 Pac. 38, where it was said:

"Where the constitutionality of a statute is in doubt, the state's law officer, its attorney-general or county attorney, may exercise his best judgment as to what sort of action he will bring to have the matter determined, either by quo warranto to challenge its validity . . .; by mandamus to compel obedience to its terms . . .; or by injunction to restrain proceedings under its questionable provisions. . . ." (pp. 440, 441.)

We think defendant's contentions in these respects are without merit.

And neither do we find any merit in the contention that under G. S. 1949, 19-212, *Fifth*, which provides that the board of county commissioners of each county shall have power to represent the county and have the care of county property and the management of the business and concerns of the county in all cases where no other provision is made by law, the defendants, irrespective of the validity of the statute in question, are authorized and entitled to do the things specifically authorized by it. In other words, aside from the provisions of the statute itself, we do not find any authority, and none has been cited, for a board of county commissioners to authorize the expenditure of county money for a purpose such as the one here undertaken.

The question, therefore, narrows down to whether the statute under consideration is "special legislation" where a general law could be made applicable.

As heretofore stated, as of the date of its passage there was a soil conservation district in 103 of the 105 counties in the state. Each district is coextensive with the county boundaries. There were only three counties in the state, one of which was Marshall, that fell within the classification created by the statute, that is, having a population of between 18,000 and 20,000 and an assessed valuation of more than $40,000,000. Plaintiff contends that the need for clerical help and assistance in each of the soil conservation district offices is general in nature and common to all such districts, and that in the nature of things there is no factual or logical basis to support the premise that clerical assistance is necessary for soil conservation districts in counties falling within the classification but unnecessary in those counties not included within it.

On the other hand, defendants cite figures in an attempt to establish that on account of the unusual topography of Marshall county and its numerous rivers, creeks and erosion difficulties, the work-load in the soil conservation district office is greater than in other counties, and therefore the need for clerical assistance is more acute.

No one is being charged with fraud, corruption or other wrongdoing in the simple routine matter of the defendant board of county commissioners assigning a county employee to assist, at the expense of the county, in the soil conservation district office. And neither can there by any doubt but that the work of the district constitutes a benefit to the county as a whole and its inhabitants. The question is simply whether the statute under which the county commissioners were proceeding is "special legislation" within the meaning of the constitutional prohibition.

The title of the Act in question, being chapter 12 of the Laws of 1951, is:

"AN ACT authorizing county commissioners to furnish clerical assistance of supervisors in soil conservation districts in certain cases."

Cases involving this or very similar questions have been before this court on numerous occasions. Many of them are cited and reviewed in the exhaustive opinion in *Redevelopment Authority of the City of Kansas City v. State Corp. Comm.,* 171 Kan. 581, 236

P. 2d 782. In a still more recent case, *Missouri Pacific Rld. Co. v. Board of County Comm'rs,* 172 Kan. 80, 238 P. 2d 462, we held:

". . . Generally speaking, it may be stated that although the legislature may limit a general law to some particular class of persons or things, the classification created must be a natural one and must rest upon a genuine and substantial basis. The classification cannot be an arbitrary or fictitious one but must be based upon real and substantial distinctions which have a reasonable and substantial relation to the subject matter involved." (p. 82.)

Under the admitted facts before us we have no difficulty in concluding that the statute in question is a special law where a general law could have been made applicable. None has been cited and we know of no reason why county commissioners in *only* those counties having a population of between 18,000 and 20,000 and having an assessed valuation of over $40,000,000 should be empowered to furnish a county employee for the soil conservation district office. We are unable to ascertain any genuine or substantial relation between the classification so made and the subject matter of the act. In other words, the classification is not a natural one and does not rest upon real and substantial distinctions which have a reasonable and substantial relation to the subject matter involved. It is a special law where a general law could be made applicable and therefore is in contravention of section 17 of article 2 of our constitution, and is void.

From what has been said it therefore follows that the writ as prayed for be allowed, and the defendant board of county commissioners is hereby ousted from proceeding under the statute in question in the manner complained of.