No. 40,494

STATE OF KANSAS on Relation of JAMES H. BRADLEY, County Attorney of Johnson County, Kansas, *Plaintiff*, v. THE BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS; HERMAN HIGGINS and LLOYD SQUIRES, *Defendants*.

(302 P. 2d 542)

Opinion filed October 17, 1956.

*James H. Bradley*, County Attorney, was on the brief for the plaintiff.
*Howard E. Payne*, of Olathe, was on the brief for the defendants.

The opinion of the court was delivered by

PARKER, J.: This is an original action in the nature of mandamus wherein the parties actually seek a declaratory judgment fixing the

rights, duties and obligations of the defendant county officials with respect to making provision for and payment of compensation to county officers and employees of Johnson County under existing statutes.

The cause is submitted on a stipulation of facts which describes the parties and contains all facts necessary to a determination of the existing controversy. Therefore such stipulation, except for a summarization of portions of paragraph 9 thereof, will be quoted at length. It reads:

"Come now the parties hereto, the State of Kansas, plaintiff, by the relator, James H. Bradley, County Attorney of Johnson County, Kansas, and the Board of County Commissioners of Johnson County, Kansas, Herman Higgins, County Treasurer of Johnson County, Kansas, and Lloyd Squires, County Clerk of Johnson County, Kansas, defendants and represent and agree that the facts in the premises are as follows:

"1. That the Board of County Commissioners of Johnson County, Kansas, is a body politic incorporated, organized and existing under and by virtue of the laws of the State of Kansas and that George Russell, Lou Penner and Martin J. Ziegler are the duly elected, qualified and acting members thereof; that Herman Higgins is the duly elected, qualified and acting Treasurer of Johnson County, Kansas, and that Lloyd Squires is the duly elected, qualified and acting Clerk of Johnson County, Kansas.

"2. That on the first day of August, 1956, the County Assessor of Johnson County, Kansas, did certify to the State Board of Agriculture the original abstract of enumeration of inhabitants of Johnson County, Kansas, compiled by him and the deputy assessors of Johnson County, Kansas; that said abstract of enumeration revealed that the official population of Johnson County, Kansas, for the year 1956 is 110,773 inhabitants; that the said County Assessor did retain in the archives of the County Assessor's Office of Johnson County, Kansas, his certified second copy of said abstract.

"3. That the said abstract of enumeration as certified aforesaid is a correct abstract and that there is no dispute as to its authenticity and correctness.

"4. That prior to the compilation of said enumeration of inhabitants Johnson County, Kansas, had a population of less than 110,000 inhabitants.

"5. That prior to the certification of said abstract of enumeration Johnson County, Kansas, and its governing body, the Board of County Commissioners did and during the year 1956 operate and was budgeted under the provisions of G. S. 1955 Supp., Chapter 28, Article I, and did in particular operate under and by authority of G. S., 1955 Supp., 28-157e, and G. S., 1955 Supp., 28-167.

"6. That the Board of County Commisioners of Johnson County, Kansas, did for the month of July, 1956, authorize and approve county warrants for officers' salaries as provided in 1955 Supp., Chapter 28, Article I, and did further during the month of July, 1956, honor and approve Johnson County warrants made payable to all assistant, deputy, clerical and stenographic employees as heretofore fixed by resolution of the Board of County Commissioners of Johnson County, Kansas, to the respective county officers enumerated under the provisions of G. S. 1955 Supp., 28-167.

170

"7. Parties hereto further agree and stipulate that the Board of County Commissioners have announced they will proceed to approve Johnson County warrants payable as salaries to the county officers enumerated in G. S., 1955 Supp., Chapter 28, Article I, and that they refuse to alter and change the salary schedules as set forth in and under the provisions of G. S., 1955 Supp., Chapter 28, Article II, and that defendant Lloyd Squires and defendant Herman Higgins announce that they will perform their respective ministerial duties in making said Johnson County warrants valid obligations of Johnson County, Kansas.

"8. That the Board of County Commissioners have commenced to prepare and have prepared a budget for Johnson County, Kansas, under and pursuant to G. S., 1955 Supp., Chapter 28, Article I, and that they have further budgeted the respective county officers' salaries therein an amount equal to 15% per annum of their salaries fixed by law as set forth in G. S., 1955 Supp., 28-157e, and that they fail, refuse to proceed to adopt a budget which would be in conformity with the provisions of G. S., 1955 Supp., Chapter 28, Article II.

"9. That the Johnson County budget in so far as it relates to county officers' salaries and the assistant, deputy, clerical and stenographic employees' salaries of those respective offices for the year 1956, the proposed budget for the year 1957, and the salaries of county officers and allowances for assistant, deputy, clerical and stenographic hire of those county offices as allowed under G. S., 1955 Supp., Chapter 28, Article II, are as follows: (Here follows a statement showing the amounts budgeted by the defendant board in 1956 and 1957, pursuant to G. S. 1955 Supp., Ch. 28, Art. I, for purposes indicated in the preceding quoted portion of such paragraph; a statement of the amounts which could be paid for such purposes if the provisions of G. S. 1955., Supp., Ch. 28, Art. II, were applicable during all the period of time in question; and a concession that all budgeted amounts listed for county officers' salaries, except county assessor and coroner, included the 15% additional compensation authorized under existing provisions of G. S. 1955 Supp., 28-157e.)

"10. That the said Board of County Commissioners announce that it will proceed to adopt a county budget for the year 1957 and include therein the salary allowances of county officers enumerated in paragraph (9) above and to further adopt a budget which will include therein allowances to their respective offices for assistant, deputy, clerical and stenographic hire as set forth in paragraph (9) above.

"11. That said Board of County Commissioners announce that after approving the 1957 budget items as set forth in paragraph (9) above, that they will certify said budget to the County Clerk who also announces that he will proceed to determine the sums to be levied upon the real and personal property in the County and to deliver same to the County Treasurer.

"12. That Johnson County, Kansas, has no city of the first class within its boundaries.

"13. That Johnson County, Kansas, has prepared and adopted its 1956 budget based upon the calendar year and has prepared its 1957 budget based upon the calendar year on forms furnished it from the State Commission of Revenue and Taxation of the State of Kansas."

From the foregoing stipulation we believe it appears the controversy in this case arises by reason of differences of opinion between the parties as to which of two statutes govern the budgeting and payment of the county expenditures described in that instrument. In any event the issues involved become crystal clear by resort to the prayer of the respective pleadings wherein the relief sought in this court is fully stated.

Directing attention to the pleadings just mentioned it is to be noted that plaintiff in his petition requests

"That defendant, Board of County Commissioners be compelled and directed by this Court to recognize and follow the provisions of General Statutes, 1955 Supp., Chapter 28, Article II, and pay to the county officers the salaries and other expenditures allowed and enumerated therein; that this Court interpret and construe General Statutes, 1955 Supp., 28-157e particularly as it affects Johnson County, Kansas; that this Court compel defendant, Board of County Commissioners to make and prepare a budget for the year 1957 pursuant to the money expenditure limitations and allowances set forth in General Statutes, 1955 Supp., Chapter 28, Article II; that defendants, Lloyd Squires and Herman Higgins, be compelled to perform their administrative duties in compliance with the mandate prayed for herein; . . ."

while defendants in their answer ask

"That the relief prayed for by Plaintiff be denied; that this Court determine the issues involved herein; that the Court find that the 1956 budget and levy and payments made in accordance therewith to the various county officers, deputies, and employees, be unaffected by change in population status, for the calendar year of 1956; that Johnson County, Kansas, its officers, deputies and employees, their salaries and compensation, and the Defendants herein, are not governed by the provisions of Chapter 28, Article 2, 1955 Supplement to G. S. 1949, and in the event the Court should find said statute to be applicable herein, that the Court find that the Defendants may apply the provisions of 28-157E, 1955 Supplement to G. S. 1949, particularly that portion thereof relating to counties in excess of 90,000 population, as alleged herein, and give consideration to said provisions, in determining the county's 1957 budget and levy thereunder."

Having outlined the issues we now turn to questions raised in the briefs with respect thereto. Such issues, it should be noted, depend in the main upon the construction to be given two statutory enactments fixing salaries of county officers and employees.

One of these enactments is chapter 217, Laws of 1955, now a part of chapter 28, article 1, G. S. 1955, Supp. For purposes essential to disposition of the issues it may be said that the title of this enactment reads:

"AN ACT relating to the salaries and compensation of certain county officers and their deputies, assistants or employees and allowances for the payment of compensation for deputies, clerks, assistants or employees in counties having a population of not more than one hundred ten thousand (110,000) inhabitants, . . ."

And pertinent portions of G. S. 1955, Supp., 28-157e, on which defendants rely to sustain their position, provide:

"The provisions of this act only shall apply to counties having a population of not more than one hundred ten thousand (110,000) inhabitants. In addition to the salary fixed by statute all county officers, their deputies, assistants and employees in any such county may receive compensation in an amount not to exceed twenty percent (20%) of the salary fixed by statute for each such officer, deputy, assistant or employee, the amount of such additional salary to be fixed by the board of county commissioners: *Provided,* That in any county having a population of more than ninety thousand (90,000) in which there is no city of the first class, all county officers, their deputies, assistants and employees may receive compensation in an amount not to exceed fifteen percent (15%) of the salary fixed by statute, the amount of such additional salary to be fixed by the board of county commissioners. The board of county commissioners of any such county shall provide for the increase of the amount of any aggregate allowance fixed by statute for the payment of compensation for deputies, clerks, assistants or employees in an amount not to exceed ten percent (10%) thereof . . ."

The other such enactment is chapter 210, Laws of 1953, amended in 1955 with respect to matters not here important, with a title reciting that it is "AN ACT relating to fees and salaries in certain counties, . . ." This enactment is now a part of chapter 28, article 2, G. S. 1955, Supp. G. S. 1955, Supp., 28-208, on which the state relies as the basis for the relief prayed for, reads:

"That all officers and employees herein mentioned in all counties of this state having a population of more than 110,000 and less than 140,000 shall receive for their services the compensation herein allowed."

Defendants contend that the portion of chapter 28, article 1, G. S. 1955 Supp., *i. e.,* 28-157e, *supra,* particularly the proviso therein to the effect that any county having a population of more than 90,-000 may pay its county officers, their deputies, assistants and employees compensation in an amount not to exceed 15% of the salary fixed by statute, is applicable to Johnson County even though, as they concede, such county is a county which has attained a population of 110,773 inhabitants. Plaintiff, of course; contends to the contrary.

We think the short and simple answer to the dispute between the parties as to the construction to be given this statute, is to be found

in the first sentence of 28-157e itself where in clear and unequivocal language it is stated "The provisions of this act *only* shall apply to counties having a population of not more than one hundred ten thousand (110,000) inhabitants (emphasis supplied)." This conclusion, we believe, becomes inescapable when it is kept in mind that not only the first sentence, to which we have heretofore referred, but the title of the act itself expressly limits the application of the statutory enactment now under consideration to counties having a population of not more than 110,000 inhabitants. Indeed, in the face of such language, the very most that can be said for the proviso on which defendants rely is that it applies only to counties having a population of more than 90,000 and not less than 110,000 in which there is no city of the first class. It follows defendants' contention the provisions of 28-157e are still applicable to Johnson County which now has a population of more than 110,000 inhabitants cannot be upheld. This we may add holds true even though, as defendants insist and as we are inclined to believe, our decision may create a temporary inconvenience to the county because of existing peculiar situations which necessitate additional burdens and services upon the county government. Our obligation is to construe the statute in accord with its clear and unequivocal provisions. When that is done the remedy for inconveniences is a matter for legislative consideration.

The next important question raised by defendants is that the provisions of Chapter 28, Article 2, G. S. 1955, Supp., have no application to Johnson County, notwithstanding, it is conceded (see stipulation ¶¶ 2 and 3) such county had a population of 110,773 on August 1, 1956, the date on which the county assessor of that county certified the enumeration required by G. S. 1949, 11-102, to the State Board of Agriculture. In this connection it is interesting to note our decisions (*State, ex rel., v. Board of Education,* 148 Kan. 632, 84 P. 2d 507) hold that such enumeration is official and to be used in the application of a statute, the operation of which is governed by the population of counties or municipalities.

The first argument advanced by defendants on the point now under consideration is that Chapter 28, Article 2, *supra* is special legislation and applicable only to Shawnee County, Kansas. Conceding that when enacted in 1953 such statute was applicable only to Shawnee County does not mean it was special legislation. This court has held (See *State, ex rel., v. City of Topeka,* 168 Kan. 663, 665, 215 P. 2d 644) that the mere fact that under circumstances

existing at the time a statute is enacted it applied to only one city, one county or one school district, does not mean the act is a special law and, therefore, violates article 2, section 17, of our constitution, if it is reasonable that in the ordinary course of things other governmental units may come within the operation of the act. No more conclusive proof, it was reasonable in the ordinary course of things that other governmental units might come within the operation of the terms of the involved statute, can be supplied than the fact that within approximately three years from the date of its enactment the population of Johnson County had increased to the point where such county came within the population classification of the heretofore quoted provisions of G. S. 1955, Supp., 28-208. Nor can it be successfully argued, as defendants insist, that such statute is invalid because of its classification based on population. As applied to various subjects we have held (See *State, ex rel., v. City of Topeka,* 665, *supra*) a classification based solely on one population requirement does not constitute special legislation; and does not contravene article 2, section 17 of our constitution providing:

"All laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable, no special law shall be enacted; and whether or not a law enacted is repugnant to this provision of the constitution shall be construed and determined by the courts of the state. . . ."

It is neither necessary nor required that we cite the numerous authorities supporting the two rules of law last above mentioned. It suffices to say that many cases supporting them are to be found in *State, ex rel., v. City of Topeka,* supra, and in our more recent decisions of *City of Lawrence v. Robb,* 175 Kan. 495, 265 P. 2d 317; *Common School District No. 6 v. Robb,* 179 Kan. 162, 293 P. 2d 230; *State, ex rel., v. Urban Renewal Agency of Kansas City,* 179 Kan. 435, 296 P. 2d 656, where they are considered, discussed and applied.

When in 1933 the legislature enacted the general budget law (Laws of 1933, chapter 316) of this state, applicable to all taxing subdivisions and municipalities of the state, it provided that the budget year for the great majority of all such taxing units (G. S. 1949, 79-2934) was to commence on January 1 and end on December 31 of each year and carefully pointed out the few units excepted from such a budget year. Counties were not included in any of the exceptions. Thus it appears, and we may add that has been the administrative interpretation of the budget law, that Johnson County

was operating under the budget year commencing January 1 and ending December 31. Moreover, it is not urged, and if it were it could not be successfully denied, that the 1956 budget of the county, so far as it applies to expenditures here involved, has been prepared and adopted in conformity with the provisions of 28-157e, and other sections of chapter 28, article 1, *supra,* authorizing such expenditures to be paid to the county officers and employees involved on the per annum basis. Notwithstanding the state contends that because of a change in population in Johnson county during the middle of the 1956 budget year the county, from and after the effective date of such population change, is required to recognize and follow the provisions of chapter 28, article 2, G. S. 1955 Supp., and for the remainder of such budget year pay the county officers the salaries and other expenditures allowed and enumerated therein, instead of those allowed and enumerated in chapter 28, article 1, G. S. 1955 Supp.

The construction we have thus far given the decisive statutes heretofore mentioned compels the conclusion that the 1957 Johnson county budget for all expenditures here involved should have been prepared and adopted in accord with the provisions and requirements of chapter 28, article 2, G. S. 1955 Supp. However it does not follow that the increase of population in Johnson county occurring during the budget year 1956, which we believe is not only the calendar year but has been the fiscal year of such county since the effective date of the budget law (Laws of 1933, chapter 316), resulted in immediate application of the provisions and requirements of chapter 28, article 2, G. S. 1955 Supp. We search in vain for a specific declaration by the legislature as to when changes required under the population classification of the statute are to become effective. Therefore, after careful consideration of all statutes mentioned and discussed in this opinion, we have come to the conclusion that in the absence of such a declaration the legislature intended that the changes in salaries and other expenditures required by its terms should take effect at the end of the current 1956 county budget year. If this construction of the involved statutes does not meet with legislative approval the legislature will soon be in session and by express declaration can fix the date on which salaries and other expenditure changes contemplated by the population classification of chapter 28, article 2, G. S. 1955 Supp., are to become effective.

Based on what has been heretofore stated we direct that the defendent Board of County Commissioners of Johnson county follow the provisions of chapter 28, article 2, G. S. 1955 Supp., and refrain from authorizing or allowing payment of county salaries and expenditures in excess of its existing provisions and requirements during the 1957 county budget year; and that the defendant Lloyd Squires, as County Clerk of Johnson county, and the defendant Herman Higgins, as County Treasurer of such county, do not sign or countersign warrants of Johnson county calling for, or which may result in, payments of county salaries and expenditures in excess of the amounts provided for under the terms of such act during the 1957 budget year.

It is so ordered.