No. 35,831

Ben Fakes, *Appellant*, v. M. G. Osborne, Florence Osborne, John S. Simmons, and The Federal Land Bank, *Appellees*.

(145 P. 2d 123)

Opinion filed January 22, 1944.

*Ben Fakes*, of Hanston, argued the cause *pro se*.

*John S. Simmons*, of Hutchinson, submitted a brief *pro se*, and *Elfrieda Kenyon*, of Jetmore, was on the brief for appellee M. G. Osborne.

The opinion of the court was delivered by

Harvey, J.: This was an action for damages or for possession of real property and reasonable damages, filed about July 1, 1942. Each of the defendants demurred to the petition. The demurrers were sustained and plaintiff has appealed.

Plaintiff, a farmer, argued his cause in this court and advised us that he personally prepared the petition and amendments thereto, represented himself in the trial court, and that he prepared his brief.

The petition sets out two contracts for the sale of real property, and facts relating thereto, by reason of which plaintiff claimed damages, or performance and damages. While not stated as separate causes of action the contracts are so distinct as to time of execution, property to be conveyed, parties, and other provisions, as to make it necessary to treat them separately.

On March 10, 1925, appellant entered into a written contract with Gus Hildebrand under which he had an option to purchase 2,760 acres of land in Hodgeman county for $69,000, which sum included a mortgage of $28,000 to the Kansas City Joint Stock Land Bank. By this contract appellant agreed to pay the interest to the Land Bank, taxes on the real property, which included some then back taxes, to break out 800 acres of sod for farming purposes, to raise wheat and other grains, and to deliver to Hildebrand one-fourth of the grain crops each year, and if the balance of the purchase price had not been paid by March 10, 1932, Hildebrand was to give appellant a deed to the property and take a second mortgage on the land for the balance due. With respect to this contract appellant alleged that he went into possession of the property, broke out 800 acres of sod, farmed the cultivated land, and delivered one-fourth of the grain grown to Hildebrand each year, which amounted to $1,448.10, and that he also paid taxes on the land amounting to more than $5,000 and paid the Land Bank more than $14,000, and paid other items; that in January, 1931, Hildebrand, by his attorney, served notice on appellant that unless all arrears were paid within thirty days he would commence suit; that such a suit was brought; that on May 18, 1931, the suit came up in court, at which time a receiver was appointed and time for filing pleadings fixed, and in June, 1931, judgment was rendered for Hildebrand. The present plaintiff appealed to this court, but the appeal was not followed up and eventually was dismissed. Much of the damages claimed grows out of the alleged wrongful acts of the court and the attorneys in that case. Some of these are mildly characterized as fraudulent. We think the allegations inadequate for relief on the grounds of fraud, but we have no occasion to state them more fully, since, insofar as they tend to support any action on the grounds of fraud, the cause of action was long since barred by our statute of limitations (G. S. 1935, 60-306, *third*) before this action was brought,

and insofar as the alleged injuries to appellant grew out of trial errors in that lawsuit, they should have been corrected on appeal.

On January 1, 1932, one Fred E. McMurray entered into a purchase agreement with Gus Hildebrand and M. G. Osborne, who in the meantime appear to have acquired some interest in the property, by which McMurray was to purchase from Hildebrand and Osborne 960 acres of land in Hodgeman county, being a part of the 2,760 acres described in the earlier contract. The purchase price was $24,000, of which the purchaser was to assume $10,000 of the $28,000 mortgage on the land. McMurray was to take possession of the property, farm the land, and pay a share of the crops to the vendors for each year, up to and including 1941, at which time, if the land had not been paid for, the vendors were to deliver to McMurray a deed and he was to give them a mortgage on the property for the balance due. It was alleged in the petition that McMurray went into possession of the property, made valuable improvements thereon, and made payments to the vendors; that about the first of June, 1940, appellant entered into a verbal agreement with McMurray to purchase his contract of January 1, 1932, by the terms of which appellant took possession of the property and cut and harvested the crops, fulfilling the agreement on McMurray's part, and that on May 21, 1941, Fred E. McMurray and his wife made a written assignment to appellant of all their right, title and interest in the land described in the contract of January 1, 1932. Hildebrand had died in 1933 and his administrator had sold his interest in the Hodgeman county land to M. G. Osborne. It was further alleged that M. G. Osborne sued Fred McMurray for possession of the land, which suit came up at the February, 1941, term of court in Hodgeman county; that this appellant was not notified of the suit and made no appearance therein; that about the 2d of July, 1941, M. G. Osborne took possession of the property; that appellant notified Osborne to discontinue work on the property, but he paid no attention to such notice; that when Osborne took possession of the property, he took or damaged property belonging to appellant, the amount of such damages being approximately, $2,000; that there had been a change in the loan on the place, which appears now to be held by the Federal Land Bank, resulting in damage to appellant in a substantial sum.

Among the defendants to this action was John S. Simmons, who was the attorney for Gus Hildebrand in the first action mentioned,

administrator of the Hildebrand estate and attorney for Osborne in the last action. Throughout the petition and amendments thereto there are criticisms of Simmons to the effect that appellant thought Simmons was acting for his own benefit, but there is no allegation of the petition which would place any liability upon Simmons. His demurrer to the petition, upon the ground that it stated no cause of action against him, was properly sustained. Appellant made no pretense to state a cause of action against the Federal Land Bank, but made it a party defendant only because it had a mortgage on the property. Its demurrer, on the ground that the petition did not state a cause of action against it, was rightfully sustained.

Osborne demurred to the petition on two grounds: *First*, that it does not state facts sufficient to state a cause of action against him. Osborne was not a party to the contract of March 10, 1925, nor to the action in 1931 by which appellant's rights in that contract were adjudicated; hence, none of the damages which appellant contends he suffered with respect to those matters is chargeable to Osborne. Osborne was a party to the contract of January 1, 1932, and the plaintiff in the action brought against McMurray which was tried in July, 1941. Favorably construed in plaintiff's behalf, as it must be, the petition states a cause of action against Osborne for damages for taking possession of the 960 acres in 1941 and taking or damaging plaintiff's personal property. The *second* ground of Osborne's demurrer was that there was another action pending in the same court between the same parties for the damages alleged to have resulted to appellant from the fact that Osborne took possession of the 960 acres in July, 1941. In his argument before the court appellant stated that soon after Osborne took possession of the property and would not surrender it in 1941 he employed an attorney and brought an action in Hodgeman county against Osborne for damages growing out of that transaction, and that the action was still pending. The fact there is another action pending between the same parties for the same cause of action is a good ground of demurrer. (G. S. 1935, 60-705, *third*.) It follows, therefore, that Osborne's demurrer was rightfully sustained upon this ground.

We find no error in the ruling of the trial court. Its judgment, therefore, is affirmed.