No. 37,124

BEN FAKES, *Appellant*, v. M. G. OSBORNE and FLORA F. OSBORNE, *Appellees*.

(193 P. 2d 218)

Opinion filed May 8, 1948.

*Ben Fakes,* was on the briefs *pro se.*

No appearance was made for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action for possession of real estate and for an accounting of rents, and was commenced on June 17, 1944. The trial court sustained defendants' demurrer to plaintiff's second amended petition and plaintiff has appealed from that ruling and judgment.

In the second amended petition it is alleged that under date of May 21, 1941, plaintiff received from Fred E. McMurray and Bonnie S. McMurray an assignment of all their rights, title, interest and claim in and to section 11 and the south half of section 12, township 23, range 22, in Hodgeman county; that on January 1, 1932, M. G. Osborne and Flora F. Osborne contracted in writing to convey the above real estate to the McMurrays, a copy of the contract being made part of the petition; that the McMurrays went into possession under their contract and were in possession on May 21, 1941, had fully complied with the contract and the contract was in full force; that plaintiff was in possession of the real estate under the contract and the assignment to him on July 2, 1941, when the Osbornes unlawfully ejected him by the use of force from the possession of the real estate, and that since the last date have been wrongfully in possession and collecting rents, profits and government allotments, all to the damage of the plaintiff, and that he is entitled to an accounting; that after plaintiff went into possession he complied with the contract and is entitled to the immediate pos-

session of the real estate. His prayer was for an accounting and for possession.

For present purposes it may be said the contract of January 1, 1932, was that the Osbornes agreed to sell and convey to the McMurrays the above described lands, the price to be $24,000 and to be paid by the assumption of $10,000 of a $28,000 mortgage to the Joint Stock Land Bank of Kansas City, Mo.; that the McMurrays were to take possession, pay certain shares of crops for the years 1932 to 1941, both inclusive, and if the amounts so paid did not equal the total amount due, the McMurrays were to give a second mortgage of specified terms, and a deed, placed in escrow under the terms of the contract, was to be delivered to the McMurrays. The McMurrays had the option to pay at any time all of the sum to be paid by annual crop payments, to give the mortgage provided for and receive the deed, or to pay the total sum due and receive the deed. The contract further provided that it was understood and agreed that the contract was not transferable or assignable by the McMurrays "without the written consent of the first party (Osbornes) until $10,000 of the payments, which are to be paid by a part of the crop, shall have been made."

We here note that there is no consent endorsed on either the contract or on the assignment nor is there any allegation that Osbornes consented in writing or otherwise to the assignment from the McMurrays to the plaintiff Fakes.

The defendants, Osborne, filed a motion to make more definite and certain, to compel plaintiff to state whether there had been a written consent to the transfer or assignment of the contract, or a payment of the $10,000, and if so to give times, amounts and manner of payments. The court sustained the motion and in accordance the plaintiff filed an amendment alleging that during the year 1934 and afterward, and as an accommodation to Osbornes, Osbornes and McMurrays entered into various arrangements, including the execution of various instruments, the exact terms of which were not known to plaintiff but which were known to Osbornes, intended to make it appear that McMurrays had no interest in the lands other than as tenants, but with the understanding between Osbornes and McMurrays that the contract was to remain in force, and in consideration the price was reduced by the elimination of the assumption by the McMurrays of $10,000 of the mortgage referred to in

the ·contract, and :that from January 1, 1932, to the time Osbornes took possession (July 2, 1941), Osbornes received the crop payments; that the value was not known to plaintiff but was not less than $5,000 and by reason of the allegations made Osbornes received not less than $15,000. . It is further alleged that the contract was never foreclosed by judicial action but that Osbornes by their actions declared a forfeiture which was inequitable and oppressive.

When the petition had been thus amended, the defendants demurred on the ground that the petition did not state facts sufficient to constitute a. cause of action against defendants and in favor of the plaintiff, and upon hearing the trial court sustained the demurrer and plaintiff perfected his appeal.

In considering this appeal this court is confronted with the following situation. The appellees who procured a ruling in their favor in the trial court have filed no brief in this court. The appellant, who is not a duly admitted attorney at law, has prepared his own abstract and brief. He has not advised us as to what arguments were presented in the trial court in support of the demurrer. Under a general heading entitled "Argument," appellant recites his dealings with lawyers who gave him some advice, and details some of the history of his case, but at no point does he specify any matter which the trial court incorrectly decided nor in which it erred in sustaining the demurrer.

Although the rule is that the burden is on the appellant to show error, failing which his appeal must fail, we shall not be abrupt in this case.

We think it quite clear that appellant is attempting to maintain an action as transferee or assignee of a contract which specifically provided that one party to the contract (appellant's assignor) could not transfer or assign that contract without the written consent of the appellees until $10,000 of the payments which were to be paid by a part of the crop had been paid. In response to an order made to make his petition more definite·and certain, he failed to make any allegation about written consent obtained. Such statement as he made concerning payments from crops was that he did not know the exact amount, but it was not less than $5,000. There is nothing pleaded that the amount of crops paid was $10,000. Appellant failed to allege facts showing the right of his assignors to transfer and assign to him the contract on which he attempts to rely. Where

the contract provided against transfer and assignment except on condition, and that condition is not met, the claimed assignee may not maintain an action on the contract as against the other parties to the contract. (66 C. J. 1068 *et seq.;* 55 Am. Jur. 842 *et seq.*)

The judgment of the trial court is affirmed.