No. 39,819

M. G. OSBORNE and FLORA F. OSBORNE, LESTER R. CHILSON and LENA RUTH CHILSON, *Appellees*, v. BEN FAKES, (FRED E. McMURRAY and BONNIE S. McMURRAY) *Appellant*.

(286 P. 2d 156)

Opinion filed July 6, 1955.

*Ben Fakes,* pro se.

No appearance by appellees.

The opinion of the court was delivered by

PARKER, J.: This was an action to quiet title to real estate in which Ben Fakes, Fred E. McMurray and Bonnie S. McMurray, were defendants. The plaintiffs prevailed and the defendant Ben Fakes appeals.

Plaintiffs commenced the action on or about October 26, 1951, by filing a petition which, for all purposes essential to appellate review, alleges:

That on January 1, 1932, M. G. Osborne and Flora F. Osborne were the owners and in possession of Section 11 and the south half of Section 12, township 23 south, range 22, in Hodgeman County, Kansas.

That on January 1, 1932, they entered into a written contract with defendants Fred E. and Bonnie S. McMurray to sell such real estate, for the sum of $28,000.00, conditioned on certain payments therein set forth.

That such defendants entered into possession of, and farmed, the land under the contract until March 29, 1934, on which date they had failed to make any payments on the purchase price as provided in the contract.

That on March 29, 1934, plaintiffs and defendants McMurray and McMurray entered into a written agreement, whereby the contract was cancelled and such defendants waived any and all claims they had to the land under its terms.

That notwithstanding the execution of the cancellation agreement defendants McMurray and McMurray entered into a written agreement with defendant Ben Fakes on May 21, 1941, whereby they assigned, transferred and set over to him all their right, title, interest and claim in and to such real estate; and that thereafter on November 22, 1948, they executed a supplemental assignment wherein they again sold, transferred and assigned Fakes all their right, title and interest in and to the same land.

That on January 21, 1949, plaintiffs Osborne and Osborne sold and conveyed Section 11 of the described real estate to plaintiffs Chilson and Chilson, who have been the owners of and in the sole and exclusive possession thereof ever since such date.

That the defendants, and each of them, claim some interest in and to Section 11, adverse to the interests of plaintiffs Chilson and Chilson, which constitutes a cloud on their title; and that such plaintiffs are entitled to have their title therein quieted as against such adverse claims.

In the prayer of the petition the plaintiffs ask for judgment cancelling the contract of January 1, 1932, and quieting title of plaintiffs Chilson and Chilson in and to Section 11.

Following the filing of the petition each defendant named in the action was served with summons. Defendants McMurray and McMurray failed to appear and filed no answer. Ultimately, and on April 19, 1952, defendant Fakes filed an answer wherein he denied each and every allegation of the petition pertaining to the plaintiffs' ownership and title in the real estate and alleged that he was its legal and equitable owner and entitled to the possession thereof.

On October 6, 1954, which we pause to note was just a few days short of three years from the date of the commencement of the action and approximately two and one-half years after the filing of the answer, to which reference has just been made, the district

judge personally advised the defendant Fakes that his cause would be tried by the court on November 8, 1954. In conformity with this notice the case was called for trial on that date. When Fakes made no appearance, either in person or by counsel, it made an entry finding him in default for want of appearance in conformity with the notice and proceeded to try the cause on the issues joined by the pleadings. At the close of the trial, at which the plaintiffs introduced evidence, the trial court found that the allegations of the petition were true; that the plaintiffs Chilson and Chilson were the owners in fee simple, as tenants in common, of Section 11 and that none of the defendants named in the petition had any right, title or interest in and to such section of real estate; that the defendants McMurray and McMurray had defaulted on the contract dated January 1, 1932, and on March 29, 1934, had entered into an agreement with plaintiffs Osborne and Osborne for the cancellation thereof, as alleged in the petition, whereby such defendants had released all land therein described, cancelled the contract, and waived all rights thereunder; that at the time defendants McMurray and McMurray entered into their assignment to defendant Fakes on May 21, 1941, and at the time they executed the supplemental assignment on November 22, 1948, as set forth in the petition, such defendants (McMurray and McMurray) had no right, title, interest, or claim of any nature whatsoever in and to any of the real estate described in the petition; that defendant Fakes acquired no right, title, interest, or claim in and to such real estate by virtue of such assignment or supplemental assignment; and that plaintiffs were entitled to judgment cancelling the contract of January 1, 1932.

After making the foregoing findings, all of which are set forth in the journal entry of judgment, the trial court proceeded to render a judgment which, quoting from such instrument, reads:

"It Is Therefore Considered, Ordered, Adjudged and Decreed By the Court that the plaintiffs, Lester R. Chilson and Lena Ruth Chilson, his wife, are the owners in fee simple, as tenants in common, of the following described real estate:

"Section Eleven (11), Township Twenty-three (23) South, Range Twenty-two (22), West of 6th P. M., in Hodgeman County, Kansas; and the title of said plaintiffs in and to the said real estate is forever quieted against any pretended right, title, interest, estate, lien or claim of the defendants Ben Fakes, Fred E. McMurray and Bonnie S. McMurray; and the said defendants, and each of them, and all persons claiming by, through or under them, are forever barred and excluded from asserting any title, interest or estate in, lien upon, or claim against the said real estate.

"It Is Further Considered, Ordered, Adjudged and Decreed By the Court that the contract of sale, entered into by and between plaintiffs M. G. Osborne and Flora F. Osborne, and Fred E. McMurray and Bonnie S. McMurray, on the 1st day of January, 1932, concerning the following described real estate:

"All of Section Eleven (11) and the South Half (S½) of Section twelve (12), in Township Twenty-three (23) South, Range Twenty-two (22), West of the 6th P. M., in Hodgeman County, Kansas; and which contract is recorded in the Office of the Register of Deeds of Hodgeman County, Kansas, at Book M/T, page 131, be and hereby is cancelled and held to be null and void from and after the 29th day of March, 1934, and the defendants Ben Fakes, Fred E. McMurray and Bonnie S. McMurray, and each of them are forever barred and excluded from asserting any title, interest or estate in, lien upon or claim against said real estate under and by virtue of said contract."

Following rendition of the foregoing judgment, and without filing a motion for new trial, defendant Fakes gave notice that he was appealing from such judgment and from an order made by the trial court in refusing to set it aside.

From what has been heretofore related it might be assumed there are many issues to be considered in disposing of this cause upon its merits. The contrary is true. The record discloses the appellant failed or neglected to file a motion for a new trial. It also reveals he failed to procure an official transcript or abstract the evidence in any manner. This court has held repeatedly that in the absence of a motion for new trial the only questions this court can consider on appeal are those which arise upon the pleadings and upon facts found. (See, e. g., *Lake Superior Lbr. Co. v. Homestead B. & L. Ass'n,* 139 Kan. 565, 32 P. 2d 202; *Jelinek v. Jelinek,* 161 Kan. 362, 168 P. 2d 547; *State, ex rel., v. Miller,* 176 Kan. 175, 178, 268 P. 2d 964, and other decisions cited and referred to in Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, § 366, and West's Kansas Digest, Appeal & Error, § 281.) It is also committed to the rule that where —as here—an appellant has failed to procure an official transcript or abstract the testimony of record in some accepted manner it will not review any action of the trial court requiring an examination of the evidence. (See *In re Estate of Fitzroy,* 172 Kan. 339, 240 P. 2d 163; *Bisagno v. Lane,* 168 Kan. 153, 211 P. 2d 85; *Barker v. Chicago R. I. & P. Rly. Co.,* 158 Kan. 549, 148 P. 2d 493.) Appellant raises no question with respect to the pleadings and an examination of the findings set forth in the journal entry leaves no doubt the facts found by the trial court support the judgment. The inescapable result,

under the decisions to which we have just referred, is that such judgment must be affirmed. This, we may add, is true notwithstanding appellant's contention to the effect the trial court erred in hearing the cause and entering judgment in the absence of him and his counsel. We do not believe the record warrants any such conclusion but at the most that action, even if it were erroneous, was a trial error and not subject to appellate review in the absence of a motion for new trial.

This appeal marks another, and we trust the last, chapter in a long course of litigation (See *Fakes v. Osborne*, 158 Kan. 1, 145 P. 2d 123; *Fakes v. Osborne*, 165 Kan. 176, 193 P. 2d 218) wherein appellant, a man without legal training and experience, has insisted on representing himself in this court and, from the commencement of such litigation as our records disclose, has always relied, both in the court below and in this court, on the McMurray contract herein involved as a foundation for the claim of title asserted by him to the real estate described in the heretofore quoted judgment. We are not here disposed to discuss the intricacies of the doctrine of *res judicata* which, under all our decisions (See West's Kansas Digest, Judgment, § 713 (2); Hatcher's Kansas Digest [Rev. Ed.], Judgment, §§ 51, 58), not only prevents the relitigation of identical matters the second time but also bars the litigation of all matters in a subsequent action which might and should have been litigated in the first one. Nor is it necessary to discuss the reasons for reference to its application in the present case. It suffices to say, and therefore in appellant's own interest we pause here to point out, that upon examination of the records in the two cases above cited we would have no difficulty, even if the instant appeal were here on the merits, in concluding such cases were *res judicata* of all claims of title made by appellant to the involved real estate under and by virtue of the terms of the McMurray contract.

In conclusion one other matter requires attention. Throughout the course of the litigation, to which we have heretofore referred, the parties prevailing in the court below have repeatedly failed to protect the lower court's judgment on appeal and have made this court's work more difficult on appellate review by failing to file printed briefs or make any appearance whatsoever, notwithstanding they knew the abstracts and briefs filed by appellant in each of the cases herein mentioned were incomplete, inaccurate, confusing, and failed to properly present the appellate issues involved. Their

conduct in this regard, even in cases where they were defendants below (See *Fakes v. Osborne,* 165 Kan. 176, 193 P. 2d 218, and *Fakes v. Osborne,* 178 Kan. 339, 286 P. 2d 154 [This day decided]), is subject to criticism. In this case, where they instituted the action, procured a judgment in the lower court and then, after service of notice of appeal, notified their attorney there was no longer any need for his professional services, such conduct is inexcusable. Up to this point no reference has been made in our reports to appellees' lack of attention to the matters mentioned. There is, however, a limit to judicial tolerance and patience. For that reason, and as a warning to future litigants of what may happen under similar circumstances, all costs of this appeal, including the cost of printing appellant's abstract, are taxed to the appellees and it is so ordered.

The judgment is affirmed.