No. 39,787

BEN FAKES, *Appellant*, v. FLORA F. OSBORNE and M. G. OSBORNE, Heirs, FRANK OSBORNE and MORRIS OSBORNE, and all others who may be concerned, *Appellees*.

(286 P. 2d 154)

filed July 6, 1955.  Opinion

*Ben Fakes*, pro se.

No appearance by appellees.

The opinion of the court was delivered by

PARKER, J.: Plaintiff, who is not a lawyer, commenced this action, titled as above indicated, on June 2, 1953, against the defendant persons hereinabove identified as appellees, by personally filing an inartistically drawn petition which he himself had drafted and prepared. This pleading contained numerous incoherent allegations

respecting a series of transactions commencing with the year 1925 on which he based a claim of title to and sought to recover possession of certain real estate (describing it) located in Hodgeman County.

Following service of summons on some of the defendants specifically named in the title of the cause, and another individual whose interest in the action is not disclosed by the pleading involved on appellate review, all parties so served, who were represented by counsel in the court below, demurred to the petition for the reason it failed to state facts sufficient to constitute a cause of action against them in favor of the plaintiff. The trial court sustained this demurrer on September 8, 1954, and granted plaintiff the privilege of filing an amended petition within twenty days provided such amended petition be prepared and filed by an attorney. It also directed that the defendants should have ten days to plead thereto after notice of such amendment, such notice to be given by service of a copy of the amended petition.

Instead of complying with the order made by the trial court at the time of sustaining the demurrer plaintiff prepared a motion which he mailed to the clerk of the district court by registered mail, wherein he requested the court to set aside its ruling on the demurrer and render judgment in his favor on the pleadings because the demurring defendants had been properly notified of the pendency of the cause and had failed to file their demurrer within the time required by law and therefore such demurrer should have been overruled. The record before us contains a statement to the effect the trial court refused to permit the clerk to file this motion. It also discloses that thereafter such court took action which had the effect of striking the petition from the files for failure to comply with its orders respecting the filing of an amended petition. Subsequently plaintiff gave notice of appeal to this court where he now specifies divers errors to be presently considered in the order of their importance. These, it can be stated, he briefs and argues with about the same degree of clarity he pleads the confusing facts and naked conclusions set forth in his petition.

Appellant's principal contention on appeal is that the trial court erred in sustaining appellees' demurrer to his petition. In disposing of this question it will not be necessary to here detail the series of transactions referred to in the petition on which appellant relies as supporting his claim of title to the real estate in question. For all

purposes essential to its decision it may be stated such pleading alleges in substance, in what is probably the most clear and unequivocal language to be found therein, that M. G. Osborne and his family, with full knowledge of the fact appellant claimed to be the owner thereof, took possession of such real estate in the year 1931 under claim of title thereto and ever since that date have held hostile and adverse possession thereof, notwithstanding that throughout such period of time appellant has made repeated unsuccessful attempts to oust Osborne and his family from possession and establish his own claim of ownership and title therein. In view of such allegations and averments the petition shows on its face that M. G. Osborne and, if he be deceased as the petition indicates, his successors in interest, identified in the title of the petition as his heirs at law, had acquired title to such real estate by adverse possession and that any cause of action appellant might theretofore have had respecting any interest therein was barred by the statute of limitations of this state (G. S. 1949, 60-304, *Fourth*) long prior to the commencement of the present action on June 2, 1953. The rule in this jurisdiction, so well-established as to hardly require citation of the authorities supporting it (See Hatcher's Kansas Digest [Rev. Ed], Limitation of Actions, § 189, and West's Kansas Digest, Limitation of Actions, § 180), is that when it appears from the face of a petition a cause of action is barred by the statute of limitations such pleading does not state facts sufficient to constitute a cause of action and is therefore subject to demurrer. When such rule is applied to the facts pleaded it necessarily follows the trial court did not err in sustaining the demurrer to the petition. Therefore this court has no alternative but to sustain its order and judgment.

Appellant's remaining claims of error are directed at the trial court's rulings refusing to permit the clerk to file his motion to set aside its order on the demurrer and render judgment on the pleadings; and in striking his petition from the files for failure to comply with its order. Under the conditions and circumstances heretofore related we doubt any action complained of was erroneous but need not here determine those questions. Having concluded the demurrer was properly sustained it becomes obvious that error, if any, with respect to such matters must be regarded as technical in nature, resulting in no prejudice to appellant's substantial rights. In compliance with statutory mandate (G. S. 1949, 60-3317) our de-

cisions (See West's Kansas Digest, Appeal & Error, §§ 1032 [1], [2], 1170 [1], and Hatcher's Kansas Digest, [Rev. Ed.], Appeal & Error, §§ 509, 522) hold, that technical errors which do not affirmatively appear to have prejudicially affected the substantial rights of a party to an action do not afford grounds for reversal of the trial court's judgment.

The judgment is affirmed.