T. W. McDonald, et al., *Appellants*, v. Joint Rural High School District No. 9, et al., *Appellees*.

No. 40,322

T. W. McDonald, et al., *Appellants*, v. Joint Common School District No. 30, et al., *Appellees*.

(306 P. 2d 175)

Opinion filed January 12, 1957.

*Leonard W. McAnarney,* of Lyndon, argued the cause, and *Edward Sondker,* of Topeka, was with him on the briefs for the appellants.

*Alex Hotchkiss,* of Lyndon, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

Robb, J.: These two actions which were consolidated on appeal were commenced by taxpayers of two separate school districts seeking to enjoin the issuance and sale of school district bonds.

This is the second appearance of litigation involving Joint Rural High School District No. 9, hereinafter referred to as district No. 9, composed of territory in Osage and Franklin counties, and Joint Common School District No. 30, hereinafter referred to as district No. 30, also composed of territory in Osage and Franklin counties, portions of which overlap. The first appearance was in *Gray v. Joint Rural High School District No. 9,* 178 Kan. 387, 286 P. 2d 147, which will be referred to herein as the Gray case. Reference will be made to appellants as plaintiffs.

The questions raised are common to both appeals. Only the petition in case No. 40,321 relating to district No. 9 has been abstracted and that is the one to which we will hereafter refer.

A careful comparison of the instant petition with the amended petition in the Gray case shows them to be identical up to and including paragraph 5. We will, therefore, adopt as though fully set out herein the summary of the allegations as they appeared in the Gray case. Beginning with paragraph 6 the present petition states that the school district is without authority to issue the bonds for the following reasons:

A. An election notice was published in a newspaper not of general circulation in contravention of G. S. 1955 Supp. 72-2018.

B. District No. 9 board met with district No. 30 board and voted, jointly and simultaneously and without independent consideration, to proceed with the election, construction of a building, etc., which was contrary to law in that district No. 9 board should have met and conducted its independent consideration, and should have voted separately rather than in concert at the same meeting and same time as did the other school board.

C. The statute proceeded upon by district No. 9 is special legislation and contravenes and is repugnant to article 2, section 17, of the state constitution.

D. By depriving plaintiffs of their protection under the fourteenth amendment of the federal constitution the statute (G. S. 1955 Supp. 72-2018) is unlawful.

E. District No. 9 published misleading and false statements as to the district's school building which induced a favorable vote for the bonds.

The prayer was identical to that set forth in the Gray case.

A motion by district No. 9 to strike subparagraphs B, C, D, and E of paragraph 6 for the reason that they are redundant and irrelevant was sustained by the trial court as to C, D, and E.

Plaintiffs contend that this motion to strike is a general demurrer and should have been overruled as such, citing *Krey v. Schmidt,* 170 Kan. 86, 223 P. 2d 1015, but we are unable to agree that we have a general demurrer here. The Krey case, however, is authority for the procedural step taken by district No. 9 and failure to file a timely motion to strike would constitute a waiver. (*Sheldon v. Board of Education,* 134 Kan. 135, 138, 4 P. 2d 430.) It is true that many times in the past there have been comparisons of motions to demurrers so as to make a ruling thereon appealable or not appealable. More often than not such a comparison was unnecessary and somewhat misleading for the reason that the substance of the motion irrespective of the form or title would have readily exhibited that a ruling on such a motion constituted a final order which disposed of part or all of a cause of action or a defense under our code. (G. S. 1949, 60-3302; 60-3303.) Otherwise, of course, the ruling

would not be a final order and no appeal would be proper there-from. This was not a general demurrer so that at most it could be considered only as a motion to strike and if sustained, as it was here, it disposed of part of plaintiffs' cause of action.

We must therefore consider the next contention raised by the parties and that is whether the matters stricken by the trial court disposed of an integral part of plaintiffs' cause of action. Plaintiffs claim they did while district No. 9 by its motion claims that the matters were redundant and irrelevant. (G. S. 1949, 60-741.) In *Sheldon v. Board of Education,* supra, it was held that immaterial and repetitious matters could be stricken under such a motion as we have here.

The first part of the petition stricken by the trial court was 6, C, which claimed the statute proceeded under was special legislation and was thus contrary to article 2, section 17, of the state constitution. Constitutionality of this statute has been previously raised but not determined because it was not properly raised. (*State, ex rel., v. Richardson,* 174 Kan. 382, 390, 256 P. 2d 135; *Missionary Baptist Convention v. Wimberly Chapel Baptist Church,* 170 Kan. 684, 228 P. 2d 540.)

The pertinent portion of our state constitution reads:

"All laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable, no special law shall be enacted; and whether or not a law enacted is repugnant to this provision of the constitution shall be construed and determined by the courts of the state. . . ." (Art. 2, § 17.)

The statute being considered is not like some that affect a class of citizens for the reason that when the statute was enacted there were numerous localities of the state in the position of district No. 9 and district No. 30. In some instances involving other statutes when at the time of enactment the application was to be to only one city, one county, or one school district, it has been held that such enactments did not constitute special legislation if it was reasonable that in the ordinary course of things other governmental units could come within the purview of such statutes. In our case it will be seen that not only were many localities involved but with changing conditions in the future, many others will become affected thereby. The law in its general form operates uniformly on all members of the class to which it has been applied, to which it now applies, and to which it will apply henceforth. *(Barker v. Kansas*

*City,* 149 Kan. 696, 88 P. 2d 1071; *Board of County Comm'rs v. Robb,* 166 Kan. 122, 199 P. 2d 530; *State, ex rel., v. City of Topeka,* 168 Kan. 663, 215 P. 2d 644.) The legislation need not affect every individual, class or community, but it is competent for the legislature to classify and adopt a law general in its nature to the class created. (*Redevelopment Authority of the City of Kansas City v. State Corp. Comm.,* 171 Kan. 581, 236 P. 2d 782.) Our further examination of the statute fails to disclose that it is arbitrary or capricious as to those living in the overlapping territory when measured by the standards laid down in the last-cited cases.

The second part stricken was 6, D, wherein plaintiffs claim the statute deprives them of their protection under section 1 of the fourteenth amendment of the federal constitution, which provides:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Plaintiffs rely on the proposition that those residents in the overlapping territories would be taxed 14% of the assessed valuation while those not in such overlapping territories would be taxed 7% of the assessed valuation. Such a situation is well treated in *Board of County Comm'rs v. Robb,* supra, p. 130, where it is said:

" 'It is no constitutional defense to a tax that the taxpayer is not directly benefited thereby, or is less benefited than others who pay the same or less tax' [from *Morton Salt Co. v. City of South Hutchinson,* 159 F. 2d 897, 900]; that absolute equality of taxation is unattainable, but a law, the manifest purpose of which is discrimination and inequality, cannot be sustained."

Under the above tests we cannot see that the statute is contrary to the federal constitution or the state constitution so as to furnish plaintiffs with a cause of action.

The final portion stricken by the trial court was 6, E, which dealt with a misleading and false publication which induced a favorable vote for the bonds. Even if this were true, it is no concern of a court in an action such as this and we will not further labor the point. However, we do not wish to create the impression that we condone such activities. (*City of Oswego v. Davis,* 97 Kan. 371, 154 Pac. 1124; *Kansas Electric Power Co. v. City of Eureka,* 142 Kan. 117, 120, 121, 45 P. 2d 877.)

We conclude the parts of the motion to strike were properly sustained on the ground they were redundant and irrelevant.

At the time the motion to strike was filed, district No. 9 also filed what was entitled a plea in bar which was well known to the common law, is no stranger to present-day practice, but is not provided for in our code of civil procedure. (G. S. 1949, 60-702, 60-703.) The plea in bar in effect set out that the Gray case was *res judicata* to the case now before us. Plaintiffs filed a motion to strike this plea which was overrulled and this ruling is the next error claimed.

Applying the rule that we look through form to substance in determining what a pleading is irrespective of its title, it is easy to see that this particular so-called plea in bar contains matter proper for an answer setting up a former judgment in avoidance of the present action. We will treat the pleading as an answer setting up the defense of estoppel or *res judicata*. See *Gallo v. Foley*, 299 Mass. 1, 4, 11 N. E. 2d 803, for a similar treatment. It is noted that Massachusetts, like Kansas, has abolished the plea in bar. We conclude the trial court did not err in refusing to strike the defense raised in the answer by district No. 9.

The next two contentions of plaintiffs may be consolidated since they are matters addressed to the sound discretion of the trial court. The record shows no abuse of discretion or prejudice to plaintiffs and we will not disturb the rulings thereon on appellate review. (*Soden v. Bennett*, 173 Kan. 142, 151, 244 P. 2d 1204.)

Plaintiffs demurred to the evidence of district No. 9 which consisted of the record in the Gray case offered to show estoppel or *res judicata* to the present case. This was overruled and rightly so. When *res judicata* is raised there must be four elements present: (1) Identity of the thing sued for (2) identity of the cause of action (3) identity of persons and of parties to the action and (4) identity of the quality in the persons for or against whom the claim is made. If those elements are present not only are the issues chosen to be litigated finally determined but every other issue incidental thereto which could have been properly adjudicated therein is likewise determined. (*Kenoyer v. Board of Barber Examiners*, 176 Kan. 424, 427, 271 P. 2d 267; *Farmer v. Farmer*, 177 Kan. 657, 281 P. 2d 1075; *Osborne v. Fakes*, 178 Kan. 373, 286 P. 2d 156.)

Plaintiffs cite *Penrose v. Cooper*, 86 Kan. 597, 121 Pac. 1103, where it was said that the fact a tax deed was held valid as being five years old in an original action did not bar a later action between the same parties where it was shown the deed was of record less than five years when it was attacked. Plaintiffs also cite *Routh v.*

*Finney County,* 84 Kan. 25, 28, 29, 113 Pac. 397, where the original proceeding, an action for rent which failed, was not *res judicata* to a subsequent action for ejectment and *Stroup v. Pepper,* 69 Kan. 241, 76 Pac. 825, where there were two mortgages in question and the rule as above stated was held not to apply to a different cause of action between the same parties. Upon careful study of these cases we are unable to see that they are contrary to the rule set out in the Kenoyer, Farmer, and Osborne cases, *omnia supra,* which rule is found in our Kansas cases as far back as *Dixon v. Caster,* 65 Kan. 739, 745, 70 Pac. 871.

In comparing the two consolidated actions we have already stated the petitions were identical down to paragraph 6. In determining whether the four necessary elements set out in the Kenoyer case, *supra,* are present in our case so as to establish the rule of *res judicata,* it is noted:

(1) The thing sought in both actions was to enjoin the issuance or sale of school district bonds, entering into any contract which would result in the creation of any public burden or the levy of any illegal tax, spending or proceeding to spend any funds for school building construction, for costs and such other and further relief. The identity of the thing sued for is therefore present.

(2) The question regarding the newspaper notice was present in both actions, was pleaded, and could have been determined in the former case had it not been withdrawn so there is no new cause of action there. The question of the joint meetings could have been presented at the former trial. At all times there was compliance with statutory provisions as to the joint meetings and the keeping of public records relative thereto. Plaintiffs as taxpayers and all like them were therefore charged with knowledge of the joint meetings. Plaintiffs' attendance together with the slightest objection on their part would have been noted so that the facts were available in the prior actions notwithstanding plaintiffs' contention they were not. We can only conclude that the causes of action were identical.

(3) There are new parties in the second action but when they joined with some twenty-six parties in the former action they certainly placed themselves in the same position of the twenty-six original plaintiffs and we, therefore, have identity of parties.

(4) All parties plaintiff in both actions were taxpayers and as a class the action taken by part of them was binding on the entire class whether they were parties or not and thus the last element of

identity of the quality in the persons is satisfied. It is therefore incumbent upon us to say that on the record the order of the trial court overruling plaintiffs' demurrer to the evidence of district No. 9 in support of its answer was correct.

The trial court made findings of fact and conclusions of law which were well determined on the evidence and pleadings before it and we will not disturb them on appeal. It was not error on the part of the trial court to refuse to set them aside.

The orders refusing to grant a new trial and entering judgment were not error in view of what has been said. As heretofore stated, an additional assignment of error regarding refusal of introduction of evidence was within the trial court's discretion.

The matters involved were well briefed by counsel and many authorities were cited but we do not deem it necessary to analyze them all in order to dispose of the different issues raised. Neither are we unmindful of the helpful memorandum opinion by the trial court which appeared in the record.

The judgment is affirmed.

HALL, J., not participating.