NOT DESIGNATED FOR PUBLICATION

No. 128,180

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LANDMARK DEVELOPMENT GROUP, LLC,
*Appellee*,

v.

LONNIE LUPARDUS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JOHN MCENTEE, judge pro tem. Submitted without oral argument. Opinion filed February 13, 2026. Affirmed.

*Lonnie LuPardus*, appellant pro se.

No appearance by appellee.

Before GARDNER, P.J., HILL, J., and JOAN M. LOWDON, District Judge, assigned.

PER CURIAM: This is a breach of residential lease contract action. The appeal is from a final judgment, following a bench trial, awarding the landlord damages and denying the tenant's counterclaims.

FACTUAL AND PROCEDURAL HISTORY

Landmark Development Group, LLC, and Lonnie LuPardus entered into a one-year residential lease for a residence on Creekside Drive in Gardner. The lease started on

1

November 1, 2021, and ended on October 31, 2022. It included a monthly rent of $1,385, outlined terms for late fees and charges, and did not specify a pet deposit.

After disputes over continued nonpayment of rent, late fees, pet fees, and alleged property damages, Landmark initiated an unlawful detainer action. LuPardus was served at the property and filed an answer generally denying allegations, while asserting counterclaims related to property condition, repairs, and alleged losses.

On November 29, 2023, Landmark obtained a default judgment as to "all other parties." The record shows that Landmark and LuPardus reached a settlement about possession, which the district court did not discuss further. LuPardus left the property, with the landlord changing locks and removing some security features. Soon after, LuPardus regained occupancy with the landlord's awareness.

To resolve the remaining disputes, the court scheduled a bench trial over two days, January 29 and March 1, 2024. Judge John McEntee presided over both days of the trial. The transcript available to this court is only for the March 1 trial; there is no transcript for the first day. The record does not specify the length of either day or detail the matters discussed during the first day's proceedings.

On March 1, during the second day of trial, Landmark informed the district court that, in its view, LuPardus had already addressed his counterclaim for habitability on the first day of trial but that LuPardus had more he wanted to address. LuPardus responded that he did have more to address. The court replied, "Okay. Well, I'm not going to be too draconian about that. So—all right. Let me go on the record and call the case." Both parties then presented their claims, and exhibits were received from each. Exhibits in the record include Landmark's itemized walk-through and damages list as Plaintiff's Exhibit 1 and LuPardus' spreadsheet contesting damages and describing his counterclaims as Defendant's Exhibit 2. The transcript contains references to supporting photos, along with

2

mentions of additional evidence, such as a YouTube video that was made available to the court but is not included in the appellate record.

During the trial, Landmark presented testimony and a revised claim for damages. LuPardus admitted liability for some charges, including $1,040, and volunteered an additional $500 for storage charges, but described further repairs and offsets related to habitability without supporting documentation in the appellate record. Both parties referenced photographs and itemized evidence supporting their respective positions, but the record does not supply the referenced photographic evidence. LuPardus participated in testimony and cross-examined Landmark's witness, Rick Trumbull.

The district court, noting that many of LuPardus' claims had already been discussed, invited him to give an "elevator speech" explaining what he believed he was entitled to on his counterclaims, and indicated he could then proceed to present any specific evidence. LuPardus testified that he claimed a decrease in the fair rental value of $12,295, along with property lost or damaged during eviction and improvements made to the home and grounds, representing a total offset of $40,309, less the $1,540 in charges to which he had agreed. The record does not reflect any time limits imposed by the district court for closing arguments; LuPardus concluded his remarks, stating, "But that's really all I have, Your Honor. And so I think it just makes it pretty clear what is my position." After testimony, both parties were offered a final opportunity to present additional evidence or argument, and both declined.

The district court issued findings of fact and conclusions of law in a journal entry. The court entered judgment for Landmark, awarding $5,540 in unpaid rent, $554 in late fees, $1,080 in pet fees, and $3,263.95 in property damages, offset by a $1,385 security deposit. The net judgment, per the journal entry of judgment, was $9,053.22, plus costs and interest. In its findings, the court noted that it did not find LuPardus' testimony or claimed offsets credible.

Before the trial, LuPardus provided the court with an updated Olathe address. After the judgment, some postjudgment notices—including those for debtor examinations and contempt proceedings—were sent to his former address on Belmont Avenue in Kansas City, Missouri. Although LuPardus claims he did not receive these notices, affidavits of service show that process servers personally served LuPardus at the Belmont address. One affidavit for notice of a debtor examination states: "Lupardus answered door. I informed him that he was being served and he shut the door in my face. At this time I placed the documents in the door, and completed service." Another affidavit reports successful service received by LuPardus on September 3, 2024, at the same address. After he did not appear at the scheduled hearings, the district court issued a bench warrant, found him in contempt, and set a $250 bond.

LuPardus filed a timely notice of appeal from the final judgment.

ANALYSIS

1.    *The district court did not err by awarding contractual damages and denying LuPardus' counterclaims.*

*Preservation*

It is "'the well-established rule that an appellant has the burden to designate a record sufficient to establish the claimed error. Without an adequate record, an appellant's claim of alleged error fails.'" *State v. Vonachen*, 312 Kan. 451, 460-61, 476 P.3d 774 (2020) (citing *State v. Swafford*, 257 Kan. 1099, 1101, 913 P.2d 196 [1996]); see also Supreme Court Rule 6.02(a)(4), (5) (2025 Kan. S. Ct. R. at 36) (appellant has the burden to furnish a sufficient record to support the claims of error; appellant's claims of error must be supported with specific citations to record on appeal). When a party provides no transcript, we presume the district court's factual findings were correct. *In re Marriage of*

4

*Dean*, 56 Kan. App. 2d 770, 772-73, 437 P.3d 46 (2018) (citing *King v. Stephens*, 113 Kan. 558, 560, 215 P. 311 [1923]). If no transcript or adequate substitute is provided, we will not review any action of the trial court requiring us to examine the evidence. *In re Marriage of Dean*, 56 Kan. App. 2d at 772-73 (citing *First Nat'l Bank & Trust Co. v. Lygrisse*, 231 Kan. 595, 603, 647 P.2d 1268 [1982]; *Osborne v. Fakes*, 178 Kan. 373, 376, 286 P.2d 156 [1955]). "Without an objection, this court will presume the district court made all the necessary factual findings to support its judgment, though this court may consider a remand if the lack of specific findings precludes meaningful appellate review." *Bicknell v. Kansas Dept. of Revenue*, 315 Kan. 451, Syl. ¶ 14, 509 P.3d 1211 (2022). Including documents in an appendix does not make those documents part of the record on appeal; only materials properly designated and filed may be considered. *Rodriguez v. U.S.D. No. 500*, 302 Kan. 134, 144, 351 P.3d 1243 (2015); Rule 6.02(a)(4)-(5).

LuPardus did not designate a transcript for the first day of trial. When an appellant fails to provide a complete record, Kansas law requires the appellate court to presume the district court's factual findings were correct. *In re Marriage of Dean*, 56 Kan. App. 2d at 772-73. Thus, any claim that turns on proceedings or objections from that missing transcript must be resolved against the appellant, and all reasonable inferences are drawn in favor of the district court's rulings.

The appellee did not file a brief.

*Standard of Review*

When a residential lease dispute involves both legal interpretation and factual determinations, Kansas courts apply a bifurcated standard of review. The interpretation and legal effect of written instruments, such as lease agreements, are subject to unlimited review. But factual findings made by the district court are reviewed for substantial

competent evidence. *Monarch Build, LLC v. DLH Holdings, LLC*, 65 Kan. App. 2d 519, 540-41, 567 P.3d 831 (2025).

A determination whether the district court applied the correct measure of damages is a question of law, over which an appellate court has unlimited review. To recover damages, there must be a reasonable basis for computation that allows a factfinder to arrive at an approximate estimate of the damages. Claims for damages that are conjectural and speculative cannot form a sound basis for an award. *Peterson v. Ferrell*, 302 Kan. 99, 106-07, 349 P.3d 1269 (2015).

The burden is on the party making a claim to designate a record sufficient to present its points to the appellate court and to establish its claims. *Bicknell*, 315 Kan. at 462-63; see Rule 6.02(a)(4).

LuPardus' core assertion is that the lease and any liability terminated as a matter of law with the writ of restitution, relieving him of all further obligation for rent, damages, or fees. He attempts to support this by citing—among others—*Edwards v. Scholtzs, Meadors v. Feltor,* and *Wilson v. Gutschenritter*. Upon careful review, none of these cases exists in the Kansas appellate reports. No published or unpublished Kansas authority can be found under any of these names, and no Kansas caselaw holds that eviction retroactively extinguishes accrued lease obligations. K.S.A. 58-2564, which LuPardus also cites, allows a landlord to terminate a lease for nonpayment after notice, but does not excuse tenants from liability for rent or damages accrued before surrender of possession. See K.S.A. 58-2564.

Where a party's legal argument relies on nonexistent authority or authorities detached from the actual record, it should be deemed waived or abandoned. An issue not briefed is deemed waived or abandoned. *In re Adoption of Baby Girl G.*, 311 Kan. 798, 803, 466 P.3d 1207 (2020). Failure to support a point with pertinent authority or failure to

6

show why a point is sound despite a lack of supporting authority, or in the face of contrary authority, is treated the same as failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018).

In substance, LuPardus' legal argument depends on a misreading of his cited authorities and on factual assumptions neither borne out by the trial record nor admitted evidence. He asserts that upon "termination" of the lease by judgment for possession, all liability for rent, fees, or damages ceased, as the lease was no longer in effect. He repeatedly describes the judgment as enforcing a "voided lease" and contends the award reflects a liability for rent, fees, or damages which should have ended with execution of the writ of restitution as "a lease agreement ceases to exist after eviction."

The record tells a different story. After awarding possession, the court held a separate trial attended by both parties, focusing on disputed damages, unpaid rent, and counterclaims arising before LuPardus surrendered possession. The register of actions confirms possession was granted, followed by continued proceedings for unresolved claims. The bench trial judgment and transcript show that both parties presented evidence about rent, fees, property damages, and counterclaims, with disputes strictly limited to prepossession conduct.

There is no evidence or finding in the record that the district court adjudicated claims for periods after possession was resolved, nor is there any record support for LuPardus' characterization of the damages as after his eviction. The judgment and transcript confirm that the only damages awarded were for past rent, late fees, pet fees, and property damage incurred before the judgment for possession.

Under the applicable standard of review, this court will presume the district court made all the necessary factual findings to support its judgment. LuPardus failed to designate a record sufficient to support his claims of error, as required by Rule

7

6.02(a)(4)-(5), and any evidentiary gaps or ambiguities must be resolved against him. *Bicknell*, 315 Kan. 451, Syl. ¶ 14.

LuPardus has not met his burden to establish error and failed to preserve or support his arguments. Thus, the district court did not err by awarding contractual damages and denying LuPardus' counterclaims.

2. *The district court's award of damages rests on substantial competent evidence.*

*Preservation*

This issue was preserved, as LuPardus disputed damages and pressed counterclaims during trial, satisfying the threshold for review.

*Standard of Review*

In reviewing an award for an objective element of damages, an appellate court reviews the record in a light most favorable to the prevailing party to determine whether there is evidence supporting the jury's calculation of pecuniary loss. *Shirley v. Smith*, 261 Kan. 685, 694, 933 P.2d 651 (1997); see also *Peterson*, 302 Kan. at 106-07 (award for breach of contract must have some reasonable basis for computation based on the record read in the light most favorable to the prevailing party).

A determination whether the district court applied the correct measure of damages is a question of law, over which an appellate court has unlimited review. *Peterson*, 302 Kan. at 106.

LuPardus contends that the district court's damages, late fees, and pet charges lacked substantial competent evidence and were contrary to Kansas law. He argues that

the court accepted the landlord's claims without proper documentation or credibility findings, disregarded his counterclaims, and based its judgment on conjecture.

But the burden is on the party making a claim to designate a record sufficient to present its points to the appellate court and to establish its claims. *Bicknell*, 315 Kan. at 462-63; see also Rule 6.02(a)(4). LuPardus did not designate the transcript of the first day of trial, omitting relevant testimony and evidence from the record.

Moreover, his arguments are based on misrepresentations of the trial evidence and on authority that either is not published in Kansas, does not exist, or is inapposite to the contract and eviction context presented here. When a party fails to support an argument with relevant authority or show why the argument is sound despite a lack of supporting authority or in the face of contrary authority, this court deems the argument waived and abandoned for failure to brief the issue. *State v. Boysaw*, 309 Kan. 526, 542-43, 439 P.3d 909 (2019) (citing *State v. Tappendick*, 306 Kan. 1054, Syl. ¶ 2, 400 P.3d 180 [2017]).

Even so, on the merits, a review of the record read in the light most favorable to Landmark reveals that the district court has a reasonable basis for the computation of damages. The district court's written journal entry documents the damages, late fees, and pet fees awarded, all tied to findings of fact and conclusions of law that appear based on evidence and testimony during the two-day trial.

Thus, we affirm the district court's award of damages.

9

3. *The district court did not unfairly constrain LuPardus' ability to present his case as a pro se litigant.*

*Preservation*

Issues not raised before the district court cannot be raised on appeal. *In re N.E.*, 316 Kan. 391, 407, 516 P.3d 586 (2022).

There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including the following: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the district court was right for the wrong reason. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019); *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008); Rule 6.02(a)(5) (requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal).

The Kansas Supreme Court warned that Rule 6.02(a)(5) would be strictly enforced, and litigants who failed to comply risked a ruling that the issue was improperly briefed and would be deemed waived or abandoned. *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022); *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015); *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014).

Preservation was not satisfied here. The record shows LuPardus did not raise a contemporaneous objection at trial to the court's time management practices, including the use of the "elevator speech" comment by the district court which was not in the context of a time warning and drew no objection. He did not alert the district court to any alleged procedural disadvantage or exclusion as his case was heard. Nowhere in the

10

available record did LuPardus request additional time, move for different procedures, or otherwise claim that his opportunity to present evidence or argument was being unfairly limited. As a result, LuPardus' claims of procedural unfairness are not properly preserved for appellate review.

4.    *Alleged judicial prejudice and procedural irregularities including mishandling of evidence and notice defect regarding contempt did not deprive LuPardus of due process or warrant reversal on this record.*

*Preservation*

As addressed above, issues not raised before the district court cannot be raised for the first time on appeal. *In re N.E.*, 316 Kan. at 407. Rule 6.02(a)(5) requires an appellant to explain any issue raised only on appeal; failure results in waiver or abandonment. *Holle*y, 315 Kan. at 524; *Johnson*, 309 Kan. at 995.

Preservation was not satisfied here. Based on the record before us, LuPardus did not object to bias, procedural exclusion, or defective notice in the district court. LuPardus has not designated any volume or page in the appellate record where judicial bias, improper exclusion, or notice error occurred. As a result, LuPardus' claims of judicial prejudice, alleged procedural irregularities, and claimed notice defect regarding contempt are not properly preserved for appellate review.

Affirmed.